UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD FIORE                                            Case No.

       Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

A Foreign Corporation,

       Defendant.

## COMPLAINT

The Plaintiff, DONALD FIORE, by and through undersigned counsel, hereby sues UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., specifically § 1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court for the Middle District of

Florida, where the breach of the employee benefits contract between the parties took place.

4. Defendant UNUM is a foreign corporation conducting insurance business in Hillsborough County, Florida.

5. At all times material hereto, Plaintiff was covered by policies of long-term disability insurance and life insurance funded and administered by the Defendant UNUM, a fiduciary within the meaning of 29 U.S.C. § 1104 of the employee benefit plan as defined by ERISA, 29 U.S.C. § 1002(1), established by Plaintiff's employer pursuant to 29 U.S.C. § 1132(d)(1). Copies of the UNUM long-term disability and life insurance policies are attached hereto as Composite Exhibit "A."

6. Defendant UNUM makes the final decision to approve or deny claims under the policies of insurance providing benefits to Plaintiff and bore the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between UNUM's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

7. Defendant UNUM has a serious conflict of interest and its decisions to deny benefits was influenced by its conflict of interest.

8. Defendant UNUM has failed to apply the provisions of the insurance policies consistently with respect to similarly situated claimants.

9. Defendant's notice of denial failed to comply with 29 CFR § 2560.503-1(f) as

well as the "full and fair review" provisions of ERISA.

10. Defendant's plan documents fail to comply with 29 CFR § 2560.503-1 as well as the "full and fair review" provisions of ERISA.

11. Defendant has failed to comply with its own internal rules, guidelines, protocols, and other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR § 2560.503-1(j).

12. In addition, the Defendant has failed to comply with the provisions of 29 CFR § 2560.503-1(b), 29 CFR § 2560.503-1(f), 29 CFR § 2560.503-1(g), 29 CFR § 2560.503-1(h), and 29 CFR § 2560.503-1(I) in its administration of Plaintiff's claim.

13. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq..

14. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against UNUM

15. Plaintiff realleges and reavers paragraphs 1 through 14 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

16. Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by UNUM at all times material hereto.

17. Defendant has failed and refused to pay the Plaintiff sums due pursuant to the disability insurance policy funded and administered by Defendant at all times material hereto.

18. Defendant has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1 and has denied benefits under the terms of the plan.

19. Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

20. Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

WHEREFORE, the Plaintiff, DONALD FIORE, prays for relief from Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA for benefits due pursuant to the contract of long-term disability insurance funded by insurance premiums paid to Defendant pursuant to 29 U.S.C. § 1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

## COUNT TWO
## Action to Clarify Right to Plan Benefits
## Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
## Against UNUM

21. Plaintiff realleges and reavers paragraphs 1 through 14 of this Complaint, incorporating the same by reference as if specifically restated therein.

22. Plaintiff is entitled to long-term disability benefits pursuant to the disability insurance policy at issue in this action.

23. Defendant has denied that Plaintiff is entitled to ongoing long-term disability insurance benefits pursuant to the disability insurance policy at issue in this action.

24. 29 U.S.C. § 1132(a)(1)(B) specifically authorizes an action to clarify an ERISA plaintiff's rights to benefits subject to the terms of the a contract like the long-term disability insurance policy at issue in the action.

25. Defendant has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

26. Plaintiff is entitled to a declaration that long-term disability insurance benefits are payable under the disability insurance policy at issue, and is entitled to present evidence of disability to this effect under the *de novo* standard.

27. Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff, DONALD FIORE prays for relief from Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA for reinstatement of benefits

pursuant to the long-term disability insurance policy funded and administered by UNUM LIFE INSURANCE COMPANY OF AMERICA pursuant to 29 U.S.C. § 1132 (a)(1)(B), together with any ancillary benefits to which he may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. § 1132(g), and such other relief as the Court may deem appropriate.

## COUNT THREE
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against UNUM

28. Plaintiff realleges and reavers paragraphs 1 through 14 of this Complaint, incorporating the same by reference as if specifically restated therein.

29. Plaintiff is entitled to waiver of premium due to disability with respect to the life insurance policy at issue in this action.

30. Defendant has denied that Plaintiff is entitled to waiver of premium due to disability with respect to the life insurance policy at issue in this action.

31. Section 1132(a)(1)(B) of ERISA specifically authorizes an action to clarify the plaintiff's rights to plan benefits pursuant to insurance policies like the UNUM life insurance policy at issue in this action.

32. Defendant has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

33. Plaintiff is entitled to a declaration that he is entitled to waiver of premium

due to disability with respect to the life insurance policy at issue in this action, and is entitled to present evidence of disability to this effect under the *de novo* standard.

34. Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff, DONALD FIORE prays for a declaration that he is entitled to waiver of premium and reinstatement of benefits pursuant to the life insurance policy funded and administered by UNUM LIFE INSURANCE COMPANY OF AMERICA pursuant to 29 U.S.C. § 1132 (a)(1)(B), together with any ancillary benefits to which he may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. § 1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ Wms C/
William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff